IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN N. LAX                                                                                              PLAINTIFF

v.                                  Civil No. 6:22-cv-06026-RTD-MEF

BRIDGET JOHNSON and                                                                          DEFENDANTS
JAIL ADMINISTRATOR STEVEN ELROD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Plaintiff's failure to obey a Court Order and failure to prosecute his case. Also before the Court are Defendant Elrod's Motions to Dismiss. (ECF Nos. 28, 35).

### I.   BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on February 25, 2022. (ECF No. 1). It was transferred to this District on February 28, 2022. (ECF No. 4). He filed an Amended Complaint on March 11, 2022, and a Second Amended Complaint on March 23, 2022. (ECF Nos. 8, 15). Plaintiff is currently incarcerated in the Arkansas Division of Correction, but his claims center on his time in the Garland County Detention Center ("GCDC"). Plaintiff alleges he fell, "bending the plate" in his left hip when he slipped on a wet floor in the GCDC, and was then denied medical treatment. (ECF No. 15 at 5). Plaintiff believes he suffered brain

1

damage in the fall, making it difficult for him to remember dates. (*Id*. at 4-5). Plaintiff indicates this occurred between October 15, 2020, and May 20, 2021. (*Id*. at 4). Plaintiff proceeds against Defendants in both their individual and official capacities. (*Id*. at 5). He seeks compensatory and punitive damages, including "fixing" his hip, and compensation for pain and suffering. (*Id*. at 9).

As Plaintiff's Second Amended Complaint named only Doe Defendants identified by their employment positions, the Court directed the Clerk to substitute Garland County Jail Administrator Sharon Branstetter for a Jane Doe Defendant in order to effect service. (ECF No. 16).

On May 3, 2022, Defendant Branstetter filed an Answer and a Motion to Dismiss. (ECF Nos. 19, 21). On August 29, 2022, the Court terminated Defendant Branstetter as a Defendant, and directed the Clerk to add the current Defendants to the docket. (ECF No. 24). Defendant Branstetter's Motion to Dismiss (ECF No. 19) was denied as moot. (ECF No. 25).

On September 14, 2022, Defendant Elrod filed his first Motion to Dismiss. (ECF No. 28). As grounds for the Motion, Defendant Elrod argues that Plaintiff failed to state a claim against him in his Second Amended Complaint. (*Id*.). The next day, the Court entered an Order directing Plaintiff to file his Response by October 6, 2022. (ECF No. 31). The Order also advised Plaintiff that failure to timely and properly comply with this Order could result in the dismissal of his case. (*Id*.). The Order was not returned as undeliverable.

To date, Plaintiff has failed to submit his response to Defendant Elrod's first Motion to Dismiss; he has not requested an extension of time to do so; and he has not otherwise communicated with the Court.

On November 3, 2022, Defendant Elrod filed his Second Motion to Dismiss. (ECF No. 35). As grounds for this Motion, Defendant Elrod argues that Plaintiff has failed to obey the Court's Order directing him to respond to the first Motion to Dismiss. (*Id.* at 2). Defendant Elrod also notes that he propounded discovery requests to Plaintiff on September 14, 2022, and Plaintiff failed to respond, despite correspondence sent to resolve any discovery dispute on October 20, 2022. (*Id.*). Defendant Elrod asks that Plaintiff's Complaint against him be dismissed, or that Plaintiff be ordered to respond the Defendants' discovery requests. (*Id.*).

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with a Court Order to respond to Defendant Elrod's first Motion to Dismiss. He has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint against Defendant Elrod should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that:

1. Defendant Elrod's Second Motion to Dismiss Plaintiff's Complaint (ECF No. 35) be GRANTED, and Plaintiff's Complaint against Defendant Elrod be DISMISSED WITHOUT PREJUDICE.

2. Defendant Elrod's First Motion to Dismiss (ECF No. 28) be DENIED as MOOT.

3. Plaintiff's claims against Defendant Johnson remain for further review.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE