IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN N. LAX                                                                                                  PLAINTIFF

v.                                  Civil No. 6:22-CV-06026-SOH-MEF

BRIDGET JOHNSON,
Garland County Detention Center,
Health Services Administrator                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey,[1] Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are Defendant Johnson's Motions for Summary Judgment based on Failure to Exhaust Administrative Remedies (ECF No. 46) and Motion to Dismiss for Lack of Prosecution. (ECF No. 53). Also before the Court are Plaintiff's failure to obey the Local Rules of Civil Procedure, failure to obey several Court Orders, and overall failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on February 25, 2022. (ECF No. 1). It was transferred to this District on February 28, 2022. (ECF No. 4). He filed an Amended Complaint on March 11, 2022, and a Second Amended Complaint on March 23, 2022. (ECF Nos. 8, 15). Plaintiff is currently not incarcerated. At the time he filed his Complaint, Plaintiff was incarcerated in the Arkansas Division of Correction, but his claims center on his time in the Garland County Detention Center ("GCDC"). Plaintiff alleges he fell, "bending the plate"

---

[1] This case was originally assigned to the Honorable Robert T. Dawson, Senior United States District Judge. It was reassigned to Judge Hickey on January 4, 2023.

1

in his left hip when he slipped on a wet floor in the GCDC, and that he was then denied medical treatment. (ECF No. 15 at 5). Plaintiff believes he suffered brain damage in the fall, making it difficult for him to remember dates. (*Id*. at 4-5). Plaintiff indicates this occurred between October 15, 2020, and May 20, 2021. (*Id*. at 4). Plaintiff proceeds against Defendants in both their individual and official capacities. (*Id*. at 5). He seeks compensatory and punitive damages, including "fixing" his hip, and compensation for pain and suffering. (*Id*. at 9).

As Plaintiff's Second Amended Complaint named only Doe Defendants identified by their employment positions, the Court directed the Clerk to substitute Garland County Jail Administrator Sharon Branstetter for a Jane Doe Defendant to effect service. (ECF No. 16).

On May 3, 2022, Defendant Branstetter filed a Motion to Dismiss and an Answer. (ECF Nos. 19, 21). On August 29, 2022, the undersigned terminated Defendant Branstetter as a Defendant, and directed the Clerk to add the current Defendants to the docket. (ECF No. 24). Defendant Branstetter's Motion to Dismiss (ECF No. 19) was denied as moot. (ECF No. 25).

On September 14, 2022, Defendant Elrod filed his first Motion to Dismiss. (ECF No. 28). As grounds for the Motion, Defendant Elrod argued that Plaintiff failed to state a claim against him in his Second Amended Complaint. (*Id*.). The next day, the undersigned entered an Order directing Plaintiff to file his Response by October 6, 2022. (ECF No. 31). The Order also advised Plaintiff that failure to timely and properly comply with this Order could result in the dismissal of his case. (*Id*.). The Order was not returned as undeliverable. Plaintiff failed to submit his Response.

On November 3, 2022, Defendant Elrod filed his Second Motion to Dismiss. (ECF No. 35). As grounds for this Motion, Defendant Elrod argued that Plaintiff had failed to obey the Court's Order directing him to respond to the first Motion to Dismiss. (*Id*. at 2). Defendant Elrod

also noted that he propounded discovery requests to Plaintiff on September 14, 2022, and Plaintiff failed to respond, despite correspondence sent to resolve any discovery dispute on October 20, 2022. (*Id*.). Defendant Elrod asked that Plaintiff's Complaint against him be dismissed, or that Plaintiff be ordered to respond the Defendants' discovery requests. (*Id*.).

On November 9, 2022, the undersigned entered a Report and Recommendation. (ECF No. 37). It was recommended that Defendant Elrod's Second Motion to Dismiss be granted and Plaintiff's Complaint against Defendant Elrod be dismissed without prejudice, Defendant Elrod's First Motion to Dismiss be denied as moot, and that Plaintiff's claims against Defendant Johnson remain for further review. (*Id*. at 4). Plaintiff did not file any Objection to this Report and Recommendation. Instead, on November 16, 2022, Plaintiff filed a Motion for Appointment of Counsel,[2] which was denied the next day. (ECF Nos. 38, 39). On November 30, 2022, almost two months after his Response was due, Plaintiff filed a Motion for Extension of Time asking for an open-ended extension to file any Response in this case until he was released from incarceration. (ECF No. 40). This was denied on December 1, 2022. (ECF No. 41). On December 15, 2022, the Honorable Robert T. Dawson, Senior United States District Judge, adopted the Report and Recommendation. (ECF No. 42).

On January 30, 2023, the undersigned entered a bench order directing that any dispositive motion based on administrative exhaustion be filed by March 16, 2023. (ECF No. 43). Defendant Johnson requested an extension for this deadline, which was granted on March 16, 2023. (ECF Nos. 44, 45). The current Motion for Summary Judgment based on Failure to Exhaust Administrative Remedies was filed on March 23, 2023. (ECF No. 46). On March 24, 2023, the

---

[2] Plaintiff had filed a previous Motion for Counsel on March 11, 2022, which was denied. (ECF Nos. 9, 12).

3

undersigned entered an Order directing Plaintiff to submit his Summary Judgment Response by April 14, 2023. (ECF No. 49.) Plaintiff was advised that failure to submit his response by the deadline would result in either all facts set forth by Defendant Johnson being deemed admitted, or in the dismissal of his case. (*Id.*). On April 4, 2023, Plaintiff submitted a Motion for Extension of Time to file his Response asking for an additional 60 days. (ECF No. 50). As grounds, Plaintiff stated he would be released in the "next month or so," and he planned to seek legal assistance when released from incarceration. (*Id.*). His Motion was granted, and the deadline for his Response was set for June 13, 2023. (ECF No. 51).

On May 10, 2023, Defendant Johnson filed a Motion to Dismiss for Lack of Prosecution. (ECF No. 53). As grounds, she noted Plaintiff was no longer incarcerated in the Arkansas Division of Correction and had failed to update his address of record with the Court in violation of Local Rules. (*Id.*). On May 11, 2023, the undesigned entered an Order directing Plaintiff to communicate with the Court no later than June 1, 2023. (ECF No. 55). This was returned undeliverable on May 22, 2023. (ECF No. 56).

On July 10, 2023, almost a month after the extended deadline for his Summary Judgment Response, Plaintiff called the Clerk's office with his address change. The undersigned notes that Plaintiff acted in violation of both Local Rule 5.5 and a prior Court Order when he called in a verbal address change rather than filing a written Notice of Address Change. (ECF No. 11). Because the address change indicated Plaintiff was no longer incarcerated, the undesigned entered an Order directing him to submit an IFP application reflecting his free-world financial status by August 1, 2023. (ECF No. 57). A Show Cause Order was also entered, directing Plaintiff to Show Cause for his failure to submit his Summary Judgment Response by August 1, 2023. (ECF No. 58).

Plaintiff submitted an untimely IFP application on August 4, 2023. (ECF No. 59). Despite being submitted past the deadline, it was granted on August 8, 2023. (ECF No. 60). To date, Plaintiff has failed to file either his Summary Judgment Response or his Show Cause Response for that failure.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to keep the Court timely apprised of his current address as required by Local Rule 5.5(c)(2), and he has violated both this Rule and a prior Court Order by failing to submit a written Notice of Address Change. Plaintiff has failed to comply with two Court Orders

regarding his Summary Judgment Response to the pending Motion for Summary Judgment based on Failure to Exhaust Administrative Remedies. Plaintiff has failed to submit a Response to any dispositive motion in this case. Plaintiff has repeatedly failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.     CONCLUSION

Accordingly, it is recommended that Defendant Johnson's Motion to Dismiss for Lack of Prosecution (ECF No. 53) be GRANTED, and that Plaintiff's Second Amended Complaint (ECF No. 15) be DISMISSED WITHOUT PREJUDICE. It is further recommended that Defendant Johnson's Motion for Summary Judgment based on Failure to Exhaust Administrative Remedies (ECF No. 46) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE